IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| **LYNETTE COOPER,** | * |
| Plaintiff, | * |
| v. | *   Case No.: DLB-19-3141 |
| **BOZUTTO & ASSOCIATES, INC.,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Lynette Cooper filed this lawsuit against Angela Brunner, Property Manager at Anthem House Apartments ("Anthem House"); Jack Bzulla, a desk clerk at Anthem House; Bozzuto & Associates, Inc.; Thomas Bozzuto; Toby Bozzuto; and Richard Mostyn, claiming that she was discriminated against when she applied for an apartment at Anthem House.[1]  Second Am. Compl. 1-4, ECF No. 6. The defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 20.[2]  Cooper has amended her complaint twice and added allegations in her opposition in response to the defendants' identification of perceived deficiencies.  Even considering all of these allegations, she still fails to state a claim.  Therefore, the defendants' motion, treated as a motion to dismiss, is granted, and Cooper's second amended complaint is dismissed with prejudice.

---

[1] The defendants assert that "Bozzuto & Associates, Inc. is neither the manager nor the owner of Anthem House.  The proper party would instead be Bozzuto Management Corporation, a separate legal entity" that manages Anthem House.  Defs.' Mem. 1 & n.1.  According to Brunner, Bzulla's proper name is Jack Pezzulla and he worked as a sales and marketing intern.  Brunner Aff. ¶ 8, ECF No. 20-3.  The Court will refer to Pezzulla by his proper name.

[2] The parties fully briefed the motion.  ECF Nos. 20-1, 25, 27.  A hearing is not necessary.  *See* Loc. R. 105.6.

**Background**[3]

Lynette Cooper applied for an apartment at Anthem House on June 27, 2019 "after being told they accept the HUD [U.S. Department of Housing and Urban Development] housing choice vouchers." Second Am. Compl. 7. Brunner informed Cooper on July 1, 2019 that, because a credit check showed that her "credit was 50/50 . . . the company Buzzuto Corp. would feel comfortable if [she] had a co-signer." *Id.* According to Cooper, having someone else on the lease would violate HUD policy but, nonetheless, she returned to Anthem House on July 3, 2019 with a co-signer and met with Jack Pezzulla, the desk clerk who had first shown her the apartment. *Id.* Pezzulla asked about her Fourth of July plans and mentioned that he would be "going to . . . Trump's Rally." *Id.*

Cooper claims that Pezzulla called her later that day and said that "he personally looked into [her] background . . . and that he found some things" and Anthem House would not rent the apartment to her. *Id.* Cooper then searched for her name on the internet and the search returned a website showing a "Blatimore Housing - Sex for Repairs Scandal, where [she] was one of the victims." *Id.* at 8. On July 10, 2019, she spoke with Brunner, who "tried to apologize for [Pezzulla's] actions." *Id.*

On November 4, 2019, Cooper filed this lawsuit, in which she asks the Court to "Stop the Discrimination" and award her $10 million in damages. *Id.* at 9.

**Standard of Review**

The defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mem. 4. A Rule 12(b)(6) motion challenges "the legal sufficiency of a complaint" on the grounds that, "even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law

---

[3] For purposes of resolving the defendants' motion to dismiss, the Court "accept[s] as true all of the factual allegations contained in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)).

'to state a claim upon which relief can be granted." *Thomas-Lawson v. Koons Ford of Balt., Inc.*, No. SAG-19-3031, 2020 WL 1675990, at *2 (D. Md. Apr. 6, 2020) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)); *see* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  Stated differently, "a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cooke v. Caliber Home Loans, Inc.*, No. 18-3701-PWG, 2020 WL 1434105, at *3 (D. Md. Mar. 24, 2020) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Cooper is proceeding without an attorney, the Court must liberally construe her second amended complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 US. 97, 106 (1976).  Even so, her "factual allegations must be enough to raise a right to relief above a speculative level." *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 555).  The complaint

> must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]"  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Cooke*, 2020 WL 1434105, at *3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); other citation omitted); *see also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (stating that the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences" (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").  Additionally, the Court "does not resolve contests surrounding

facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387).

## Discussion

The Fair Housing Act ("FHA") prohibits individuals and businesses that "engag[e] in residential real estate-related transactions" from "discriminat[ing] against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race . . . ." 42 U.S.C. § 3605(a); *see Walker v. Bank of Am. Corp.*, No. 18-2466-PWG, 2019 WL 3766824, at *6 (D. Md. Aug. 8, 2019); *Johnson v. Bank of Am., N.A.*, No. PX-17-3007, 2018 WL 3036470, at *3 (D. Md. June 15, 2018). "To state a discrimination claim under the FHA, a plaintiff 'must allege that [he or she was] discriminated against within the meaning of the FHA by showing: 1) discriminatory intent; or 2) discriminatory impact.'" *Walker*, 2019 WL 3766824, at *6 (quoting *Boardley v. Household Finance Corp. III*, 39 F. Supp. 3d 689, 711 (D. Md. 2014); *see also Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018) (noting that an "FHA claim can proceed under either a disparate-treatment or a disparate-impact theory of liability"); *Young-Bey v. S. Mgmt. Corp., Inc.*, No. TDC-18-2331, 2019 WL 1992905, at *3 (D. Md. May 6, 2019) (same).

*Disparate Treatment*

A plaintiff bringing an FHA claim "[u]nder a disparate treatment theory of liability 'must establish that the defendant had a discriminatory intent or motive.'" *Young-Bey*, 2019 WL 1992905, at *3 (quoting *Reyes*, 903 F.3d at 421). The plaintiff "must either provide direct evidence of discrimination or make a prima facie case under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) test." *Glenn v. Wells Fargo Bank, N.A.*, 710 F. App'x 574, 576–77 (4th Cir. 2017). To establish a prima facie case, a plaintiff must show that "discriminatory animus was . . . a motivating factor" in the defendant's housing decision. *Glenn v. Wells Fargo Bank, N.A.*, No. PX 15-3058, 2017 WL 371956, at *13 (D. Md. Jan. 26, 2017), *aff'd*, 710 F. App'x 574 (4th Cir. 2017). And,

4

"[a]t the pleading stage, a plausible claim of discrimination must 'allege facts to satisfy the elements of a cause of action created by that statute.'" *Id.* (quoting *Parker v. Ciena Corp.*, No. WDQ-14-4036, 2016 WL 153035, at *4 (D. Md. Jan. 12, 2016), *reconsideration denied*, No. GLR-14-4036, 2016 WL 2851446 (D. Md. May 13, 2016) (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016))).

Despite amending her complaint twice, *see* Compl., ECF No. 1; Am. Compl., ECF No. 4; Second Am. Compl., ECF No. 6, Cooper does not mention intent anywhere in the three iterations of her pleading. Indeed, her only references to race and discrimination are "Race and Housing Discrimination" as the basis for this Court's jurisdiction and her request that the Court "Stop the Discrimination." Second Am. Compl. 5, 9. As noted, the Court need not "accept as true a legal conclusion couched as a factual allegation." *See Papasan*, 478 U.S. at 286. She does discuss race discrimination in her opposition to the defendants' motion, but "an opposition to a motion to dismiss is not a vehicle for amending a complaint." *Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 382 F. Supp. 3d 349, 376 n.17 (D. Md. 2019).

Moreover, even considering the assertions in her opposition, Cooper has failed to state a claim for discrimination. She contends that, when Brunner told her that Anthem House "will feel more comfortable if [she] had a Co-Signer to be financially responsible for whatever type of damages that could occur upon [her] residency at Anthem House," she "put it in the conte[xt] as to say especially African American's with Low Income, Housing Choice Voucher User's which Normally reside in Impoverished neighborhoods are known to be destructive of their own homes and communities [sic]." Pl.'s Opp'n 2. Cooper argues that she "found [Brunner's comments about a financially-responsible co-signer] to be Racist, as to say African Americans especially ones [with] lower . . . Income" are "into Crime and/or Destruction of [property], such as where one would reside." *Id.* But, Brunner's statements do not "allow the court to draw [a] reasonable inference that the defendant is liable for

5

[discriminating based on race]." *See Iqbal*, 556 U.S. at 678–79; *Cooke*, 2020 WL 1434105, at *3. Rather, Cooper's inference that Brunner's statements were racially motivated is speculative and insufficient to state a claim. *See Twombly*, 550 U.S. at 555; *Glenn*, 2017 WL 371956, at *13; *Proctor*, 645 F. Supp. 2d at 472–73.

Cooper also claims that Pezzulla's reference to his plans to attend a Trump rally was "Racist" because of "his demeanor"—he was "amped up, flushed in the face, pacing back and forth as [her] Co-signer completed her paperwork"—and "the conte[xt] in which Jack [Pezzulla] made his statements," that is, in speaking to Cooper, who is African American. Pl.'s Opp'n 2. Again, these claims are speculative and cannot form the basis for Cooper's claim of discrimination based on race. *See Twombly*, 550 U.S. at 555; *Proctor*, 645 F. Supp. 2d at 472–73. Thus, neither Pezzulla's nor Brunner's statements, even taken together, show that the defendants had a discriminatory intent or motive, and therefore Cooper has not stated a claim for discriminatory treatment. *See Reyes*, 903 F.3d at 421; *Young-Bey*, 2019 WL 1992905, at *3; *see also Glenn*, 2017 WL 371956, at *13.

*Discriminatory Impact*

For an FHA discriminatory-impact claim, in contrast, a plaintiff must show "that a specific policy caused a significant disparate effect on a protected group." *Letke v. Wells Fargo Home Mortg., Inc.*, No. RDB-12-3799, 2015 WL 1438196, at *8 (D. Md. Mar. 27, 2015). Thus, Cooper must "allege facts to show that [applicants] of a different race ... were treated differently under similar circumstances." *Young-Bey*, 2019 WL 1992905, at *3; *see also Morris v. Leon N. Weiner & Assocs., Inc.*, No. TDC-16-2860, 2017 WL 1169522, at *4 (D. Md. Mar. 28, 2017) (same). Cooper has not identified a specific policy causing a disparate impact based on race or identified any comparators who were not African Americans to demonstrate a disparate effect. Therefore, she also fails to state a claim for discriminatory impact. *See Young-Bey*, 2019 WL 1992905, at *3; *Letke*, 2015 WL 1438196, at *8; *Adam v. Wells Fargo Bank. N.A.*, No. JFM-09-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010)

6

(dismissing "Plaintiff's unadorned, conclusory allegation of discrimination" because, "[e]ven after considering the factual allegations raised in Plaintiff's response, Plaintiff … merely made an unadorned accusation that race, religion, or national origin motivated Defendant's actions"; his allegations did not show that similarly situated individuals of a different race were treated differently).

*Individual Defendants*

Cooper's allegations do not include any facts involving Thomas Bozzuto, Toby Bozzuto, or Richard Mostyn. On this basis alone, her claims against these defendants are subject to dismissal. *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 691 (D. Md. 2018) (concluding that plaintiff could not state a claim based on a defendant's personal involvement when she failed to claim that the defendant was present for the alleged incidents); *Johnson v. Dore,* No. RWT-12-3394, 2013 WL 5335626, at *4 (D. Md. Sept. 20, 2013) (granting motion to dismiss claim against particular defendant for failure to state a claim where complaint did not include specific allegations against that defendant specifically).

*Dismissal with Prejudice*

The defendants ask the Court to dismiss the second amended complaint with prejudice. "[W]hen a plaintiff has had the opportunity to amend in response to a defendant's identification of pleading deficiencies but still fails to state a claim, dismissal with prejudice is appropriate because another opportunity to amend would be futile." *Woods v. Washington Metro. Area Transit Auth.*, No. PWG-18-3494, 2019 WL 3766508, at *7 (D. Md. Aug. 9, 2019) (citing *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013)), *aff'd sub nom. Woods v. Wash. Metro. Transit Auth.*, 785 F. App'x 188 (4th Cir. 2019); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits," but "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the

opposing party by virtue of allowance of the amendment, *futility of amendment*" are reasons to deny opportunity to amend" (emphasis added)).

Here, Cooper has amended her complaint twice, but not "in response to a defendant's identification of pleading deficiencies." *See Woods*, 2019 WL 3766508, at *7. Rather, she filed her amended complaints before the defendants filed their motion to dismiss. Cooper did, however, augment her assertions in her opposition to the defendants' motion. Although she cannot amend her pleading through her opposition, *see Nat'l Ass'n for Advancement of Colored People*, 382 F. Supp. 3d at 376 n.17, her additional allegations help the Court determine whether it would be futile to afford her the opportunity to amend. *See, e.g.*, *Adam*, 2010 WL 3001160, at *3 (dismissing *pro se* plaintiff's claim without leave to amend after "considering the factual allegations raised in Plaintiff's response" to defendant's dispositive motion).

In this regard, *Morrison v. International Union Security, Police, & Fire Professionals of America*, No. 13-1146-AW, 2013 WL 5274280, at *4 (D. Md. Sept. 16, 2013), is informative. There, the plaintiff "alleg[ed] that the union breached its duty of fair representation," and the union filed a motion to dismiss the plaintiff's amended complaint. *Id.* at *1. The court determined that one of the plaintiff's claims was time barred, *id.* at *3, and his remaining claims were too vague to survive the motion to dismiss, *id.* at *4. It reasoned:

> Plaintiff's Amended Complaint is utterly devoid of specific factual allegations concerning the nature of the harassment he suffered and the basis for his entitlement to bonuses. Plaintiff also fails to specify the timing of the harassing incidents and the timing and nature of any of his communications with the union or union representative. Without such specificity, Plaintiff has failed to plead the existence of any meritorious grievances and has failed to articulate how the union's handling of his grievances was arbitrary. Plaintiff's vague allegations also do not give rise to any inference that the union acted with bad faith. Furthermore, Plaintiff's bald and imprecise allegations that the harassment was "continuous" or that it occurred throughout or during 2012 does not satisfy the Court that any breach occurred within six months of Plaintiff's initiation of this lawsuit.

*Id.* at *4.

8

Before dismissing the amended complaint, the Court considered the allegations that the plaintiff made in opposition to the union's motion and concluded that those "arguments . . . fare[d] no better" because they consisted of "vague allegations [that] fail[ed] to specify the nature and timing of the infractions, discipline, and communications with the union." *Id.* The Court noted that the plaintiff did "not explain why he failed to include these additional factual allegations in his Amended Complaint" and stated that, in any event, "such amendment would be futile because Plaintiff has failed to demonstrate that he has any viable claim that the union breached its duty of fair representation and that the alleged breach occurred within six months of the filing of this lawsuit." *Id.* On that basis, the Court dismissed the plaintiff's claims with prejudice. *Id.*; *see also Thompson v. Alston*, No. PWG-16-1096, 2017 WL 1684617, at *2 (D. Md. May 3, 2017) (dismissing claim with prejudice and without leave to amend because, "based on the barebones nature of his allegations, it does not appear that he will be able to rectify the Complaint's deficiencies"); *Yesko v. Fell*, No. ELH-13-3927, 2014 WL 4406849, at *12 (D. Md. Sept. 5, 2014) (dismissing RICO claim with prejudice where "plaintiffs f[e]ll well short of pleading a viable civil RICO claim" and "neither the legal clarifications nor the added factual allegations raised in connection with the Opposition c[a]me close to salvaging that claim").

Here, the defendants' memorandum put Cooper on notice of the allegations necessary to state a claim for racial discrimination in housing, as well as the deficiencies they perceived. Specifically, the defendants asserted that "Plaintiff must allege, as part of her claim, that the application denial was motivated by racial animus." Defs.' Mem. 5 (citing *Nat'l Fair Hous. All. v. Bank of Am., N.A.*, 401 F. Supp. 3d 619, 631 (D. Md. 2019)). They argued that Cooper "fails to allege that the denial was motivated by racial animus," *id.* at 6, and she "has not alleged any facts to suggest that she was

9

improperly screened, or to support that the credit denial was pretextual or racially-motivated," *id.* at 9.[4]

As noted, the allegations that Cooper presents in her opposition do not raise her claims of discrimination above the speculative level. She has not made any allegations from which the Court reasonably could infer that the defendants intended to discriminate against her or that they had a policy that affected African-American housing applicants differently from other applicants. Thus, after the defendants identified alleged pleading deficiencies, Cooper still "failed to demonstrate that [s]he has any viable claim." *See Morrison*, 2013 WL 5274280, at *4. Nor did she seek leave to file a third amended complaint. Therefore, any amendment would be futile. *See id.* Because amendment would be futile, dismissal with prejudice is appropriate. *See Foman*, 371 U.S. at 182; *Woods*, 2019 WL 3766508, at *7; *Weigel*, 950 F. Supp. 2d at 825–26; *Thompson*, 2017 WL 1684617, at *2; *Yesko*, 2014 WL 4406849, at *12; *Morrison*, 2013 WL 5274280, at *4.

---

[4] Indeed, Defendants have shown a legitimate, non-discriminatory reason for the denial of Cooper's application—a third-party vendor performed a credit screening and recommended that Anthem House deny her application based on that credit screening. *See* Wilson Aff. ¶¶ 3–9, ECF No. 20-2; Brunner Aff. ¶¶ 4–7, ECF No. 20-3; Credit Report, ECF No. 20-4; *Sullivan v. Hernandez*, 215 F. Supp. 2d 635, 638 (D. Md. 2002) (finding that defendants' reason for rejecting the plaintiff's application, namely that another applicant "had a stronger credit history," was "both reasonable and non-discriminatory"). Additionally, although Plaintiff has attached an email purporting to show her credit score on September 25, 2019, *see* ECF No. 25-2, and communications from another apartment complex that accepted her application on February 10, 2020, *see* ECF No. 25-5, at 7, she has not shown that the credit report on which Defendants relied was inaccurate at the time or that it did not provide a basis for Anthem House to deny her application. Therefore, she failed to establish that the stated reason was pretext for discrimination. Thus, if the Court considered Defendants' motion for summary judgment and even found that Cooper established a prima facie case, Defendants still would prevail. *See Want v. Shindle Properties, LLC*, No. PWG-18-2833, 2018 WL 5392521, at *4 (D. Md. Oct. 29, 2018) ("The *McDonnell-Douglas* burden-shifting framework applies to FHA claims. Under that test, after a plaintiff establishes a prima facie case, 'the burden of production then shifts to the [defendant] to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse ... action is a pretext and that the true reason is discriminatory or retaliatory.'" (quoting *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216–17 (4th Cir. 2016)) (internal citation omitted); *see also McDonnell Douglas Corp.*, 411 U.S. 792, 802, 804 (1973).

**ORDER**

For the reasons stated above, the defendants' motion to dismiss or, in the alternative, motion for summary judgment, ECF No. 20, treated as a motion to dismiss, IS GRANTED. The second amended complaint is dismissed with prejudice. The Clerk SHALL CLOSE this case and mail a copy of this Memorandum Opinion and Order to Ms. Cooper.

Dated: April 30, 2020

/S/
Deborah L. Boardman
United States Magistrate Judge

lyb